38 So.2d 347

**DEES v. STATE.**

3 Div. 897.

Court of Appeals of Alabama.
Jan. 18, 1949.

No Attorney for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment upon which the defendant was tried and convicted in the lower court charged him with the offense of grand larceny, in that, "he feloniously took and carried away one milch cow of the value of $80.00, the personal property of Will Abner," etc.

The appeal is upon the record only, it contains no transcript of the evidence. The record of the proceedings appears regular so far as the judgment of conviction is concerned. But the sentence of the defendant to one year imprisonment in the penitentiary is erroneous, which necessitates the remandment to the lower court for proper sentence. Title 15, Section 325, Code of Alabama 1940, which provides, "in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county." There is no authority in law to sentence a prisoner to the penitentiary for one year or less, and the verdict of the jury should not in any case designate the place of punishment. That portion of the verdict must be treated as surplusage. The Statute, supra, is clear and unambiguous, and must be followed by the trial court.

Judgment of conviction is hereby affirmed, and the cause remanded for proper sentence as herein indicated.

Affirmed. Remanded for proper sentence.